UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| THOMAS BOWDEN, | § § § § § § § § § § | |
| Plaintiff, | | |
| v. | | No. 7:19-cv-00021 |
| CAPITAL ONE BANK (USA), N.A., | | |
| Defendant. | | |

## COMPLAINT

NOW COMES Plaintiff, THOMAS BOWDEN ("Plaintiff"), by his attorneys, and hereby alleges the following against CAPITAL ONE BANK (USA), N.A. ("Defendant"):

Nature of the Action

1. Plaintiff's Complaint arises under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Financial Code, Tex. Fin. Code § 392.001 *et seq.*, and invasion of privacy.

Jurisdiction and Venue

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and 47 U.S.C. § 227.

3. 28 U.S.C. § 1367 grants supplemental jurisdiction over the claims arising under The Texas Financial Code and invasion of privacy.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(1) as the conduct giving rise to this action occurred in this district, as Plaintiff resides in this district and Defendant transacts business in this district.

## Parties

5. Plaintiff is a natural person residing in Midland, Texas.

6. Plaintiff is a "consumer" as defined by Tex. Fin. Code § 392.001.

7. Defendant is a business entity with headquarters located in McLean, Virginia.

8. Defendant is a "debt collector" as defined by Tex. Fin. Code § 392.001.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## Factual Allegations

10. Defendant has been placing calls to telephone number (432) 210-60XX.

11. Telephone number (432) 210-60XX has been assigned to Plaintiff's cellular telephone.

12. These telephone calls are not for emergency purposes.

13. These telephone calls were in connection with an alleged credit card debt.

14. The alleged debt arises from transactions which were used primarily for personal, family, and/or household purposes.

15. Upon information and good faith belief, and in light of the frequency, number, nature, and character of these calls, and based on Defendant's representations to Plaintiff, Defendant called Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.

16. On or about October 12, 2018, Plaintiff spoke with one of Defendant's employees.

17. Plaintiff instructed Defendant's employee to stop calling his cell phone.

18. Defendant continued to call Plaintiff's cell phone after October 12, 2018.

19. After October 12, 2018, Plaintiff estimates that Defendant called his cell phone at least 126 times.

20. Defendant did not have Plaintiff's express consent to place these calls.

21. Defendant knew that it did not have Plaintiff's express consent to place these calls.

22. Defendant voluntarily, knowingly, and/or willfully placed these calls.

23. Plaintiff was severely interrupted, unduly inconvenienced, and mercilessly harassed by Defendant's unauthorized phone calls.

24. As a result of Defendant's unauthorized phone calls, Plaintiff suffered emotional distress including anxiety, stress, frustration, shame, lack of sleep, lack of concentration, and fear of answering his telephone.

## COUNT I
### Defendant Violated the Telephone Consumer Protections Act

25. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

26. Defendant's actions alleged *supra* constitute numerous violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

27. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C). Defendant willfully used an automatic telephone dialing system to call Plaintiff's cell phone.

## COUNT II
## Texas Financial Code

28. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

29. The Texas Financial Code states:

> In debt collection, a debt collector may not oppress, harass, or abuse a person by:
>
> …(4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code § 392.302

30. The Texas Financial Code also states:

> (a) A person may sue for:
>
> > (1) injunctive relief to prevent or restrain a violation of this chapter; and
> >
> > (2) actual damages sustained as a result of a violation of this chapter.
>
> (b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonably related to the amount of work performed and costs.

Tex. Fin. Code § 392.403

31. Defendant engaged in harassment with respect to its telephone collection conduct directed against Plaintiff by causing his telephone to ring repeatedly and continuously and making repeated and continuous telephone calls with intent to harass Plaintiff into paying Defendant.

32. Plaintiff has suffered actual damages as a direct and proximate result of

Defendant's unlawful and unauthorized conduct.

## COUNT III
### Invasion of Privacy – Intrusion Upon Seclusion

33. Plaintiff repeats, reiterates and incorporates by reference into this cause of action the allegations set forth above with the same force and effect as if the same were set forth at length herein.

34. Plaintiff had a reasonable expectation of privacy in his solitude, seclusion, private concerns and affairs.

35. Defendant interfered, physically or otherwise, with the solitude, seclusion and private concerns of Plaintiff by repeatedly and unlawfully calling Plaintiff cell phone without authorization after he instructed it to stop.

36. Defendant's conduct resulted in multiple intrusions and invasions of privacy, which would be highly offensive or objectionable to a reasonable person in that position.

37. Plaintiff has suffered actual damages as a direct and proximate result of Defendant's intrusion.

### Prayer for Relief

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

38. Statutory damages of $500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

39. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

40. Actual and punitive damages, in an amount greater than $50,000 to be determined at trial, for the underlying violations of the Texas Financial Code and/or invasion of privacy;

41. Costs and reasonable attorney fees; and

42. Any other relief to which Plaintiff is entitled and/or that this Honorable Court deems appropriate.

Respectfully submitted,

Dated: January 25, 2019 /s/ Adam T. Hill
Adam T. Hill
KROHN & MOSS, LTD.
10 N. Dearborn St., 3rd Fl.
Chicago, Illinois 60602
Telephone: 312-578-9428
Telefax: 866-861-1390
ahill@consumerlawcenter.com
Attorneys for Plaintiff